THOMAS F. HOPPIN and wife *v.* THOMAS A. JENCKES.

Demurrers on the ground of form must be special, and demurrers for duplicity must also state wherein the duplicity consists. This rule, however, does not apply to demurrers to pleas in abatement, which need not be special.

ASSUMPSIT against the defendant as endorser of certain prom-issory notes. The writ was served by the attachment of real estate. At the October term, 1867, of the court, the case was heard upon the plaintiffs' demurrer to the defendant's plea of privilege, and the demurrer sustained. See 8 R. I. 453, where the case is fully reported. The defendant now moved for leave to file a further plea in abatement, and also to amend the former plea in abatement filed by him, so as to make it read in sub-stance, as follows:—

That the writ in said action is dated the 23d day of August, 1867, commanding the officers charged with the service thereof to arrest the body of said defendant, and that the said writ is pretendedly served on said 23d day of August, 1867, by the attachment of the real estate of the defendant, as described and set forth in the officer's return on the back thereof, and not at any other time or in any other manner. That at the time of the pretended service, to wit., August 23d, 1867, defendant was a member of the House of Representatives of the 40th Con-gress, and took his seat and oath on the 3d day of July, 1867, and was appointed a member of the Joint Select Committee on Retrenchment, the appointment of which was authorized under a concurrent resolution of the two houses of said Congress, passed at the first session of the 40th Congress. [Here follows resolution of the two houses passed by 39th Congress in July, 1866; resolution of Senate of July 23d, 1866, and concurrent resolution of 40th Congress.] That said two houses of Congress, on the 20th day of July, 1867, passed a concurrent resolution in the words following: " *Resolved by the Senate*, (the House of Representatives concurring,) That at 4 o'clock and 30 minutes

p. m., on Saturday, 20th July instant, the President of the Senate and the Speaker of the House of Representatives, adjourn their respective houses, to meet on Thursday, the 21st day of November next, at 12 o'clock m." And that the said committee, during said session, authorized and required said defendant to commence forthwith the exercise of certain powers, and the performance of certain duties with which said committee is charged, which powers and duties required the presence of the defendant at certain places within the United States of America out of the State of Rhode Island, to wit., at the city of Washington and elsewhere within the United States, to which duties he was attending and was actually engaged in the performance thereof on said 23d day of August, 1867, to wit., at the city of New York, in the State of New York, and he was then and there detained thereby in the discharge of said duties. Said writ was served by said pretended attachment, and not otherwise, and said 23d day of August was within the recess of said two houses, within the period during which said defendant was entitled to the privilege secured to members of Congress by the constitution of the United States, by which they are protected from writs of arrest in going to and returning from the terms of Congress and while in attendance thereon. And said 23d day of August, 1867, was a day on which said defendant was performing duties imposed upon him as a member of said joint select committee of said Congress, empowered to sit and act during the recess of said two houses of Congress, and which he avers entitles him to the same privilege as if said two houses of Congress were on that day in session, and this he is ready to verify. Wherefore he prays judgment of said writ and the service thereof, and that said writ may abate.

*B. F. Thurston and Livingston Scott, with whom was the defendant, pro se, in support of the motion :—*

No opinion was expressed by the court in its decision on the former plea, as to whether the same privilege was given to the defendant as a member of the committee on retrenchment, as to him as a member of Congress. The controlling question in the case is this, whether, the writ, having been served during a re-

cess of Congress, in which Congress was constructively in session, the defendant is not protected, not only as a member of Congress, but as a member of one of its committees.   The defendant supposed that by his former plea he was bringing this question to the notice of the court.   He should have the privilege of presenting it now.

*Ashley,* with whom was *Payne, for the plaintiffs, contra :—*

I.  The defendant's first plea in abatement was a plea setting up alleged privilege, and claiming want of service of plaintiffs' writ.   This dilatory plea having been overruled on demurrer, the defendant can plead no second plea of that kind or class. Chitty on Pleading, 440, 441, 447, 448, 466 ; Stephen on Pleading, 430, side page 431 ; Gould's Pleading, Chap. 5, §§ 2 and 3 ; Comyn's Digest, 1, 3 and 4 ; Tidd's Practice, Vol. 1, pages 5 and 9 ; Saunders on P. and E., Vol. 1, side page 2.

II.  The defendant's first plea was of the same class as the present plea.   They are properly classed among pleas in abatement to the person of the defendant.   Chitty on Pleading, Vol. 1, 449 ; Tidd's Practice, Vol. 1, page 578.

III.  A plea in abatement, being a dilatory plea, is not amendable.   See *Trinder* v. *Durant,* 5 Wend. 72 ; *Lingwood* v. *Shaw,* 20 Mo. 276 ; *Stephens* v. *Meyers,* 12 Penn. 302 ; *Getchell* v. *Boyd,* 44 Maine, 582 ; *Esdail* v. *Lund,* 12 M. & W. 606 ; *Brown* v. *Peevey,* 1 Eng. (Ark.) 37 ; *Wall* v. *Wall,* 2 Harr. and G. 79 ; *Hamilton* v. *Wilson,* 1 East. 391.   There are no reported cases in which such leave has been granted to amend pleas in abatement, but in all cases such leave appears to have been refused as not permissible under the laws of pleading.   It will be remembered, however, that this is not only a motion for leave to amend a plea in abatement, but to amend such a plea after it has been already once amended and demurred to, and after the plea has been overruled, and it has been ordered and adjudged by the court that the defendant shall plead over.

POTTER, J.   The defendant in this case put in a plea in abatement, setting forth his privilege as a member of Congress, and claiming exemption from arrest on that account.   He claimed that exemption on two grounds,—that he was returning home,

and a reasonable time had not elapsed for his return, and also on the ground that it was a recess, and that the session was not ended, and that he was engaged and detained on his return home on business of a joint committee, which gave him the same privilege as if Congress was in session.

The first point was plainly made in his plea, the latter obscurely and inferentially. The plaintiff demurred to this plea generally, and also alleged duplicity, but did not state in what the duplicity consists.

The statute of Elizabeth relating to demurrers required, that all demurrers on the ground of form should be special. This statute is general. It, in its language, applies to all pleas or process whatever. But the court subsequently held, that demurrers to pleas in abatement did not come within the spirit of the act, as the act was intended to discourage merely formal objections, not reaching to the merits of a suit. But it was settled law, long before this statute, that all demurrers for duplicity, as well to pleas in abatement as to other pleas, should be special, and they must also state wherein the duplicity consists. In Chitty on Pleading, vol. 1, p. 499, Stephens on Pleading, p. 141, note, and Saunders on Pleading, &c., vol. 1, p. 4, it is laid down generally, that demurrers to pleas in abatement need not be special. But the authority, and the sole authority, referred to by them all, is the case of *Lloyd* v. *Williams*, 2 M. & S. 484.

But on examining this case, we find that it is one of the many instances where a very broad doctrine has been laid down in a head note, on authority of a case which does not sustain it. It was not a case of demurrer for duplicity, and therefore that case did not come in conflict with the old well settled doctrine, that demurrers for duplicity must always be special. But still, the law has so long (on authority of the text books) been considered as settled, that we do not feel at liberty to unsettle it.

In the decision which the court made at a former term, overruling the plea, no written order was filed; but the court did not treat the plea as double; and in fact, on the argument, one point was chiefly relied on, viz.: insufficient time to return home; although the other point was very briefly stated in argu-

ment. The court evidently considered that the point of insufficient time to return was the principal point made, and refer to no other in their reasons given for overruling the plea. Deciding that against the defendant, the court should, if they considered the other point properly made and that the plea was not double, have proceeded to decide that also ; but they did not.

The plaintiff now says he intended to raise both questions in his plea, and moves for leave to file an amended plea, or a new plea, to raise the other questions.

As the court did not overrule the plea for duplicity, and the defendant says he intended to raise these questions, but the court did not consider them, and the importance of the question seems to entitle it to more favorable consideration than ordinary dilatory pleas, we have determined to allow the defendant to amend his plea.

*Leave to amend granted.*